IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CT-03328-M

DARREL R. FISHER, )
)
Plaintiff, )
)
v. ) **ORDER**
)
J. DEUTSCH, et al., )
)
Defendants. )

On November 27, 2023, Darrel R. Fisher ("plaintiff"), a civil detainee at F.C.I. Butner ("Butner"), filed *pro se* a complaint under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"). See Compl. [D.E. 1].

Plaintiff moves to proceed without prepayment of fees. Mot. [D.E. 2]. However, because he is committed to the custody of the United States Attorney General under 18 U.S.C. § 4246, see Order [D.E. 10], J. [D.E. 11], United States of America v. Fisher, No. 5:10-HC-2234-D (E.D.N.C. Jan. 31, 2011), he is not subject to the restrictions of the Prison Litigation Reform Act ("PLRA"), see 42 U.S.C. § 1997e(h); Banks v. Hornak, 698 F. App'x 731, 735 (4th Cir. 2017) (unpublished); Hicks v. James, 255 F. App'x 744, 747–48 (4th Cir. 2007) (per curiam) (unpublished); Perkins v. Beeler, 207 F. App'x 262, 263 (4th Cir. 2006) (per curiam) (unpublished).

The court now conducts its initial review of the complaint under 28 U.S.C. § 1915 and, for the reasons discussed below, dismisses the action.

Legal Standard:

When reviewing applications for leave to proceed *in forma pauperis*, the court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief may

be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of the pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009).

In Bivens, the Supreme Court "'recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights.'" Iqbal, 556 U.S. at 675 (citation omitted); see Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 70 (2001). To state a Bivens claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978).

### Plaintiff's Complaint:

Plaintiff generally alleges defendants J. Deutsch and W. Brooks violated his First, Fourth, and Fifth Amendment rights at Butner from November 14 to 16, 2023. Compl. [D.E. 1] at 3–5.

2

Plaintiff specifically alleges that, on November 9, 2023:

> [Deutsch] posted a notice that he threatened me that I would be imprisoned for 24 hours the first time, after being arrested on some unknown or specified charge nor complaint, denied my ability to purchase goods from the commissary a restricted to a limited amount per week for 1 month, thus delaying, affecting and obstructing commerce as prohibited by the federal statute on Racketeering, 18 U.S.C. § 1951, to be precise locked in a cell or falsely imprisoned blind to any formal criminal charge here as without due process [sic][.]"

Id. at 5.

Plaintiff further alleges that he was:

> arrested by W Brooks ... on Nov. 14, 2023, without notice nor any known criminal charge again stating that ... as I was not taken before a Magistrate ASAP after arrest to determine if probable cause existed to arrest or confine me at all, this is being done against me et al [sic] because I et al [sic] are witnesses against the federal government for its agents kidnapping [sic] each of us, me, in 1997[,] and others since then [sic].

Id.

Plaintiff asserts he was denied liberty to the same degree of restraint as formal arrest. Id.

Plaintiff further contends that, "J. Deutsch accused [him] of using any drug [sic] or even being suspected of using a drug was grounds to implement this BOP policy[,] but [he] is not subject to any BOP policy" because he is a "kidnapped victim." Id. Plaintiff asserts that the notice "applied to 'inmates[,]' not to [him,] nor any man in Mental Health units [sic][.]" Id.

Plaintiff asserts he is suing J. Deutsch "for injunctive relief from implementing this policy against any man ... in Mental Health [at] FMC Butner," and seeking monetary damages in the amount of $166 million. Id. at 5–6.

Although his meaning is somewhat unclear, plaintiff further contends: "this is a terrorist act to obstruct, delay, prevent or hinder [his] producing documents for use in an official proceeding, 18 U.S.C. § 1512(b)(2)(i), (ii), (3) et al provisions of the law [sic]." Id. at 6.

3

Plaintiff also asserts, on July 24, 2023, he served Butner Warden Scarantino a "legal document" informing that plaintiff was not a "prisoner," "so this Warden known [sic] or reasonably should know that [plaintiff is] not covered by this terrorist notice [sic] even though he did approve its placement [sic]." Id. Thus, plaintiff contends, because the "notice" did not exempt him or other Mental Health inmates, plaintiff "must assume Scarantino meant to punish [plaintiff] for notifying [Scarantino] of [plaintiff's] legal status here on July 24, 2023 [sic]."

Finally, plaintiff reiterates his claim that Brooks did not follow the Federal Rules of Criminal Procedure because plaintiff was not taken before a neutral Magistrate for a probable cause determination but was held until November 16, 2023, "over 35 hours illegally [sic]." Id.

For relief, plaintiff seeks, *inter alia*: an injunction to stop J. Deutsch from "obstructing, delaying, and affecting commerce [sic]"; the issuance of summons as to defendants; and that the court "obey the rules of civil procedure [sic]." Id. at 7.

## Discussion:

Succinctly stated, plaintiff's complaint fails to plausibly allege viable constitutional claims under Bivens. See Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); Thornburgh v. Abbott, 490 U.S. 401, 415 (1989) (identifying prison security as a legitimate governmental interest that is "central to all other corrections goals" (internal quotation omitted)); Block v. Rutherford, 468 U.S. 576, 589–91 (1984) (deferring to prison security interests allowing "shakedown" cell searches and noting such searches do not violate due process); Hudson v. Palmer, 468 U.S. 517, 527–28 (1984) (holding prisoners have no reasonable expectation of privacy in their cells); Youngberg v. Romeo, 457 U.S. 307, 321–22 (1982) (finding that, although the Fifth Amendment

4

generally prohibits the federal government from subjecting civilly committed persons to punitive confinement conditions, the government need not have a "compelling interest" or "substantial necessity" to justify the conditions of confinement of a civil detainee, and "[i]t is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." (internal quotation omitted)); Matherly v. Andrews, 859 F.3d 264, 276 (4th Cir. 2017) (noting "placement [of a civil detainee] in a prison, subject to the institution's usual rules of conduct, [does not] signify punishment" (quoting Allison v. Snyder, 332 F.3d 1076, 1079 (7th Cir. 2003)); Martin v. Duffy, 858 F.3d 239, 249 (4th Cir. 2017) (discussing the needed showing for a viable First Amendment retaliation claim), cert. denied, 138 S. Ct. 738 (2018); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) ("The applicability of the Fourth Amendment turns on whether the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy' that has been invaded by government action." (citations and internal quotation marks omitted)); see also Ballard v. Johns, 17 F. Supp. 3d 511, 518 (E.D.N.C.) (noting "civil detainees are subject to the same security policies as those used at correctional facilities," and detainee disciplinary segregation does not violate due process "unless some type of extreme deprivation occurs" (citations omitted)), aff'd, 579 F. App'x 214 (4th Cir. 2014) (per curiam) (unpublished); Moore v. Ozmint, No. CIV.A. 3:10-3041-RBH, 2012 WL 762460, at *10 (D.S.C. Feb. 16, 2012) (collecting cases stating canteen access is not a protected liberty interest), report and recommendation adopted, No. CA 3:10-3041-RBH, 2012 WL 762439 (D.S.C. Mar. 6, 2012); Bennett v. Cannon, No. 2:05-2634-GRA, 2006 WL 2345983, at *2 (D.S.C. Aug. 10, 2006) ("There is simply no freestanding constitutional right to canteen privileges at all.").

Moreover, although he seeks an injunction preventing J. Deutsch from applying the unspecified "notice" to Butner "Mental Health inmates" or civil detainees, or "obstructing,

5

delaying, and affecting commerce [sic]," plaintiff fails to show a likelihood of success on the merits, extraordinary circumstances, and clear entitlement to the requested relief. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."); Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (noting the Supreme Court has rejected the standard allowing a "plaintiff to demonstrate only a 'possibility' of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." (quotation omitted)), vacated on other grounds, 559 U.S. 1089 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam); Taylor v. Freeman, 34 F.3d 266, 268–69 (4th Cir. 1994) (noting courts only grant injunctive relief involving the management of prisons in extraordinary circumstances).

Alternatively, even were plaintiff's claims cognizable under Bivens, the court would still decline to extend a Bivens remedy in this case. In Ziglar v. Abbasi, 582 U.S. 120, 130–31 (2017) ("Abbasi"), the Supreme Court noted that it had recognized Bivens causes of action in only three instances–an unreasonable seizure claim against federal officers under the Fourth Amendment in Bivens, a federal employment gender discrimination claim against a United States Congressman under the equal protection component of the Fifth Amendment's Due Process Clause in Davis v. Passman, 442 U.S. 228 (1979) ("Davis"), and a deliberate indifference claim on behalf of a decedent inmate against federal prison officials under the Eighth Amendment's Cruel and Unusual Punishments Clause in Carlson v. Green, 446 U.S. 14 (1980) ("Carlson").

6

The Court also noted, "when deciding whether to recognize an implied cause of action, the 'determinative' question is one of statutory intent." Id. at 133 (citations omitted). To recognize implied causes of action under Bivens, a court must discern whether it has authority "to create and enforce a cause of action for damages against federal officials in order to remedy a constitutional violation." Id. The Court opined that expanding the Bivens remedy is now a "disfavored judicial activity," id. at 135 (quotation omitted), and that "separation-of-powers principles are or should be central to the analysis" when a party seeks an implied cause of action, id.

If a claim "presents a new Bivens context," id. at 139, a court must assess whether any "special factors counsel[ ] hesitation" in recognizing a remedy "in the absence of affirmative action by Congress." Id. at 136; see Hernandez v. Mesa, 589 U.S. 93, 102 (2020) (reaffirming the Abbasi two-step analysis); but see Egbert v. Boule, 596 U.S. 482, 492 (2022) (acknowledging, although Abbasi "describe[s] two steps," the steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy," and suggesting a "rational reason" to defer to Congress will be present "in most every case.").

A Bivens claim is "new" if the case differs "in a meaningful way from previous Bivens cases decided by" the Court. Abbasi, 582 U.S. at 139. Such meaningful differences include:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the function of other branches; or the presence of potential special factors that previous Bivens cases did not consider.

Id. at 140.

Plaintiff's claims present a new context that is meaningfully different from the causes of action the Supreme Court previously recognized in Bivens, Davis, or Carlson. As noted above, plaintiff is a civil detainee housed in a Federal Bureau of Prisons ("BOP") facility. Plaintiff's

alleged injuries – being required to follow BOP institutional rules despite being a detainee, prospective denial of ability to purchase commissary items, and being subjected to arrest-like restraint for 35 hours – are substantially distinguishable from those in Bivens, Davis, and Carlson.

Although plaintiff baldly asserts that he was confined without a probable cause determination, he does not plausibly allege that he was subjected to an unreasonable seizure, as opposed to the ordinary application of institutional rules. Compare Bivens, 403 U.S. at 389, with Matherly, 859 F.3d at 275 (holding, to establish the unconstitutionality of a particular condition or restriction of confinement, a civil detainee must show that the condition or restriction was imposed with an express intent to punish or was not reasonably related to a legitimate nonpunitive government objective); see Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Further, unlike in Davis, plaintiff's claims do not sound under the equal protection aspect of the Fifth Amendment's Due Process Clause. See Hernandez, 589 U.S. at 103 (noting a Bivens claim "may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized"); Abbasi, 582 U.S. at 140 (listing, *inter alia*, "the constitutional right at issue" as a potential meaningful difference); Annappareddy v. Pascale, 996 F.3d 120, 132–34 (4th Cir. 2021) (citing Abbasi and agreeing with the district court's finding that "*Bivens* has never 'been extended to a Fifth Amendment due process claim'").

After finding this case is "meaningfully different" from Bivens causes of action previously recognized by the Supreme Court, the court also finds that there are "special factors" counseling hesitation before expanding the Bivens remedy because plaintiff's issues instead may be addressed through BOP administrative remedy procedure. See Abbasi, 582 U.S. at 136; Earle v. Shreves, 990 F.3d 774, 780 (4th Cir.) (noting that, although "alternate remedies do not permit an award of

8

money damages, they nonetheless offer the possibility of meaningful relief and remain relevant" to the "special factor" analysis), cert. denied, 142 S. Ct. 358 (2021).

Answering the Supreme Court's ultimate Bivens remedy expansion query – "whether there is any reason to think that Congress might be better equipped to create a damages remedy," Egbert, 596 U.S. at 492 – there indeed is a "rational reason" for the court instead to defer to Congress for creation of a damages remedy in this case. See, e.g., Tate v. Harmon, 54 F.4th 839, 847–48 (4th Cir. 2022) (applying Egbert to prisoner's Eighth Amendment conditions-of-confinement claim). Thus, the court declines to extend the Bivens remedy in this case. See Abbasi, 582 U.S. at 140, 147 (noting, extension of the Bivens remedy "is a decision for the Congress to make, not the courts" and "even a modest [Bivens] extension is still an extension").

Finally, because the complaint cannot be cured by amendment, dismissal is appropriate. See Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015).

### Conclusion:

Accordingly, the court: GRANTS the motion to proceed *in forma pauperis* [D.E. 2]; DENIES AS MOOT the motion seeking subpoenas [D.E. 3]; DISMISSES the complaint for failure to state a claim upon which relief may be granted; and DIRECTS the clerk to close the case.

SO ORDERED this 22d day of April, 2024.

RICHARD E. MYERS II
Chief United States District Judge